■ JAMES SWEENEY, Respondent, v YONKERS CONTRACTING COMPANY, INC., Defendant and Third-Party Plaintiff-Appellant-Respondent. RICE MOHAWK U.S. CONSTRUCTION COMPANY, LTD., Third-Party Defendant-Respondent-Appellant. [703 NYS2d 517] —In an action to recover damages for personal injuries, (1) the defendant third-party plaintiff appeals, as limited by its brief, from so much of a judgment of the Supreme Court, Kings County (Held, J.), entered December 9, 1998, as, upon a jury verdict finding it 60% at fault in the happening of the accident, and the third-party defendant 40% at fault in the happening of the accident, and finding that the plaintiff had sustained damages in the sum of $561,000, is in favor of the plaintiff and against it, and (2) the third-party defendant separately appeals, as limited by its brief, from so much of the same judgment as is in favor of the defendant third-party plaintiff and against it for its apportioned share of the damages.

Ordered that the judgment is reversed insofar as appealed and cross-appealed from, on the law, and a new trial is granted, with costs to abide the event.

The plaintiff was injured when a falling steel girder struck the basket in which he was working during the demolition of a steel structural support on the West Side Highway renovation project. Yonkers Contracting Company, Inc. (hereinafter Yonkers), was the general contractor on the project which hired Rice-Mohawk U.S. Construction Company, Ltd. (hereinafter Rice-Mohawk), the plaintiff's employer, to perform certain demolition, removal, and erection of the steel structural supports. The plaintiff subsequently commenced this action against Yonkers which, in turn, commenced a third-party action against Rice-Mohawk. After trial, the jury found Yonkers 60% at fault in the happening of the accident and Rice-Mohawk 40% at fault, and awarded damages for the plaintiff's past and future pain and suffering.

Contrary to Yonkers' contention, the trial court properly denied its motion for judgment during trial as a matter of law on the plaintiff's Labor Law § 200 cause of action. There was sufficient evidence from which the jury could conclude that Yonkers possessed the requisite supervisory control over the injury-producing activity (*see, Rizzuto v Wenger Contr. Co.,* 91 NY2d 343, 352-353).

However, the court erred in failing to give an appropriate jury instruction on the issue of comparative negligence. While the verdict sheet included questions regarding the plaintiff's negligence, the jury was not fully instructed on that issue during the court's charge (*see,* PJI 2:36). Consequently, a new trial is required.

Since there will be a new trial, we note that the court properly instructed the jury that it could consider whether there was a violation of 12 NYCRR 23-3.3 (h). This State Industrial Code provision is applicable to this case as it specifically enumerates the procedures to be followed for the work which the plaintiff performed (*see, Rizzuto v Wenger Contr. Co., supra,* at 350-351).

In light of our determination, it is unnecessary to address the appellants' remaining contentions. Ritter, J. P., Altman, Krausman and Goldstein, JJ., concur.